**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF FLORIDA**
**Miami Division**

**WALESWKA PEREZ et al.,**

**Plaintiffs,**

**v.**                                                         **Case No.: 1:24cv23719 (JEM)**

**NICOLAS MADURO MOROS et al.,**

**Defendants.**

## PLAINTIFFS' RESPONSE AND STATUS REPORT REGARDING PINNACLE SUBPOENA

Plaintiffs Waleswka Perez et al. ("Plaintiffs") file this Response and Status Report to update the Court regarding the discussions between Plaintiffs and counsel for Pinnacle Title Group, LLC ("Pinnacle"), and their resulting intentions regarding the subpoena that is the subject of the pending Motion to Quash, ECF No. 69 ("Motion"):

1. On March 20, 2026, Plaintiffs issued a subpoena to Pinnacle seeking the company's "entire file pertaining to the sale and purchase" of two Miami properties, "including, but not limited to, closing packages, sources of funds, title searches performed, and communications . . . regarding the properties or the transactions." That subpoena was not actually served until April 14, 2026, after the listed response date. *See* ECF No. 69 at 15.

2. Pinnacle then filed the pending Motion on April 28, 2026. *See* ECF No. 69. Pinnacle's Motion seeks to quash the subpoena on procedural grounds (due to the late service), out of concern for third-party privacy issues, and for substantive reasons by asserting a lack of nexus between the subpoena and Plaintiffs' judgment. *Id.*

3. Counsel for Plaintiffs and Pinnacle met and conferred both by phone and email seeking to resolve or narrow as many issues as possible. Although productive discussions took

place, the two sides could not reach an overall agreement that was satisfactory to all interests involved.

4.      Based on those discussions, Plaintiffs inform the Court that they have withdrawn the pending subpoena and plan re-issue it to resolve the timing issue caused by the delayed service. Before re-issuing, Plaintiffs will consider whether the scope of the subpoena may be narrowed; request that counsel for Pinnacle accept service of the re-issued subpoena; and propose a robust protective order to ensure the confidentiality of any third-party information exchanged in this matter.

5.      Once Pinnacle has received and reviewed the re-issued subpoena, Plaintiffs' counsel will confer again with counsel for Pinnacle to determine which of its arguments raised in the Motion to Quash remain unresolved, if any. At that point, Plaintiffs will file another report to the Court as to whether Pinnacle intends to renew its Motion, whether the earlier briefing can simply be applied to the re-issued subpoena, and, if necessary, to propose a briefing schedule.

6.      Based on the foregoing, Plaintiffs respectfully request that the Court deny the pending Motion as moot, without prejudice to re-issuing the subpoena and without prejudice to any specific objections being re-raised once the subpoena is re-issued.

Respectfully submitted,

/s/ Michael B. Nadler
Michael B. Nadler (FL Bar No. 51264)
STUMPHAUZER KOLAYA NADLER &
SLOMAN PLLC
One Biscayne Tower
2 South Biscayne Boulevard, Suite 1600
Miami, FL 33131
Telephone: (305) 614-1400

Facsimile: (305) 614-1425

Email: mnadler@sknlaw.com

Randy D. Singer (VA Bar No. 26501)*
Kevin A. Hoffman (VA Bar No. 87632)*
SINGER HOFFMAN, LLC
1209A Laskin Road
Virginia Beach, VA 23451
Telephone: (757) 301-9995
Facsimile: (757) 233-1084
Email: randy.singer@singerhoffman.com
Email: kevin.hoffman@singerhoffman.com

Jeff S. Howell, Jr. (VA Bar No. 87645)*
THOMPSON LAW GROUP
2600 Barrett Street
Virginia Beach, VA 23452
Telephone: (757) 486-3333
Email: jeff@tlgva.com

*Counsel for Plaintiffs*
*admitted *pro hac vice*

## CERTIFICATE OF SERVICE

I certify that on this 19th day of May 2026, I electronically filed this document with the

Clerk of the Court using CM/ECF, causing a copy to be served on counsel record.

*/s/ Michael B. Nadler*

3