**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 24-cv-23719-JEM**

**WALESWKA PEREZ** *et al.*,

Plaintiffs/Judgment Creditors,

v.

**MANUEL CRISTOPHER FIGUERA** *et al.*,

Defendants/Judgment Debtors, and

**BARBARA MIRTHALA BRAVO REINEFELD,**
**JORGELIECER PINTO BRAVO,**
**ALEX NAIN SAAB MORAN, and**
**CILIA ADELA FLORES DE MADURO,**

Impleaded Third-Party Defendants.

_______________________________________/

**IMPLEADED THIRD-PARTY DEFENDANT ALEX NAIN SAAB MORAN'S MOTION TO DISMISS THIRD-PARTY COMPLAINT**

Impleaded Third-Party Defendant Alex Nain Saab Moran ("Saab"), through undersigned counsel, respectfully moves pursuant to Federal Rules of Civil Procedure 12(b)(1), 12(b)(2), 12(b)(4), 12(b)(5), and 12(b)(6) to dismiss Plaintiffs' Third-Party Complaint [ECF No. 66] with prejudice, and states as follows:

## PRELIMINARY STATEMENT

Plaintiffs have an $805 million default judgment against Nicolas Maduro Moros and other Venezuelan officials for alleged human-rights abuses. Saab is not one of those officials, was never a defendant in the underlying action, and owes

nothing on that judgment. Unable to collect from the judgment debtors, Plaintiffs opened proceedings supplementary and filed a Third-Party Complaint against Saab and others, alleging information and belief that Saab "holds or controls" unspecified assets belonging to the judgment debtors. The Complaint identifies no specific transfer or asset, no date, no amount, and no Florida nexus connecting Saab to any identifiable property of the judgment debtors. It is, in short, a discovery endeavor, rather than a sufficient pleading.

Saab is a foreign national currently held in federal pretrial detention in this District on a single-count indictment charging conspiracy to commit money laundering, *United States v. Saab Moran,* No. 26-cr-20020-WILLIAMS/LETT (S.D. Fla.). His prior 2019 federal indictment (No. 19-cr-20450-RNS) was dismissed in its entirety on March 28, 2024. The Complaint's attempt to import distinct criminal allegations into a civil enforcement proceeding fails for multiple independent reasons, any one of which warrants dismissal.

What Plaintiffs seek is not the avoidance of a specific fraudulent transfer, but a personal money judgment against a third party who was never a defendant in the underlying action and who owes nothing on the underlying judgment. The Eleventh Circuit squarely rejected an identical approach in *Casa Express Corp. v. Bolivarian Republic of Venezuela*, 158 F.4th 1176 (11th Cir. 2025), holding that ancillary jurisdiction cannot be used to shift judgment liability to a third party on nominee or alter-ego theories when the enforcement proceeding rests on "different parties, facts, and legal theories" than the original suit. That is precisely what the Complaint attempts here.

# STATEMENT OF THE CASE

## I. The Underlying Action

This action arises from a complaint filed by Venezuelan nationals alleging human-rights abuses by President Maduro and others. After the defendants failed to appear, the Court entered a default judgment in excess of $805 million on March 28, 2025 [ECF No. 50], and a Final Judgment on June 6, 2025 [ECF No. 55].

## II. The Third-Party Complaint

On April 22, 2026, Plaintiffs filed their Third-Party Complaint [ECF No. 66] in proceedings supplementary, impleading Saab and others. The Complaint asserts five counts against Saab: (1) actual fraudulent transfer under Fla. Stat. § 726.105(1)(a); (2) constructive fraudulent transfer under §§ 726.105(1)(b) and 726.106; (3) constructive trust, equitable lien, and disgorgement; (4) turnover under § 56.29(6) and (9); and (5) injunctive relief. The Complaint incorporates all preceding paragraphs into every count, pleads collective allegations against multiple defendants without differentiation, and identifies no specific transfer, asset, date, or amount as to Saab.

## III. The Parallel Criminal Proceeding

Saab is currently a defendant in *United States v. Saab Moran*, No. 26-cr-20020-WILLIAMS/LETT (S.D. Fla.), charged with one count of conspiracy to launder monetary instruments in violation of 18 U.S.C. § 1956(h). This Court denied Saab's motion to stay these proceedings pending resolution of the criminal case, finding insufficient overlap between the two matters. [ECF No. 115.]

## ARGUMENT

### I. Jurisdiction Over Plaintiffs' Claims is Lacking to the Extent They Seek a Personal Money Judgment Against Saab (Rule 12(b)(1)).

Federal courts exercising ancillary enforcement jurisdiction in proceedings supplementary may avoid specific fraudulent transfers but may not "impose an obligation to pay an existing federal judgment on a person not already liable for that judgment." *Peacock v. Thomas*, 516 U.S. 349, 357 (1996). The Eleventh Circuit has applied this limitation directly, holding that ancillary jurisdiction over a supplementary proceeding extends to recovery of a fraudulently transferred asset from a third party, but liability is "limited . . . to the proceeds" fraudulently transferred — it does not reach a personal money judgment beyond that amount. *Nat'l Maritime Servs., Inc. v. Straub*, 776 F.3d 783, 787 (11th Cir. 2015).

The Eleventh Circuit's decision in *Casa Express Corp. v. Bolivarian Republic of Venezuela*, 158 F.4th 1176 (11th Cir. 2025), is directly controlling. In *Casa Express*, the plaintiff held a $40 million judgment against Venezuela and filed proceedings supplementary in this District against third parties, alleging they held Venezuelan assets through shell companies. The Eleventh Circuit held that the district court lacked ancillary jurisdiction because the plaintiff was attempting "to impose liability on third parties who are not already obligated to pay" the judgment, and the action was "founded upon different facts and theories of liability than [the] lawsuit against" the judgment debtor. *Id.* at 1179. That holding controls here.

Here, the Complaint's prayer for relief seeks, among other things, a "money judgment against [Saab] for the value of the property transferred" (Prayer ¶ C) and an order to "turnover" "any and all real and personal property, virtual currency" allegedly belonging to the judgment debtors (Prayer ¶ E). Because the Complaint

identifies no specific transfer from any judgment debtor to Saab, it effectively seeks a personal money judgment against a nonparty to the underlying action. That relief exceeds the Court's ancillary jurisdiction under *Peacock*, *Straub*, and *Casa Express*. *See also Reiseck v. Universal Communs. of Miami, Inc.*, 141 F. Supp. 3d 1295, 1303 (S.D. Fla. 2015) (disgorgement of a specific transferred asset permissible, but judgment-shifting to a nonparty is not).

Nor can Plaintiffs cure this defect by invoking an independent jurisdictional basis. The Complaint's only jurisdictional allegation beyond ancillary jurisdiction is Paragraph 12, which asserts diversity under 28 U.S.C. § 1332. But that allegation is facially defective: it fails to plead Plaintiffs' citizenship, and both Plaintiffs (Venezuelan nationals) and Saab (a Venezuelan citizen) are foreign parties. Complete diversity is destroyed when foreign parties appear on both sides of the litigation. The § 1332 door is closed.

**II. Complaint Fails to Satisfy the Statutory Prerequisites of Fla. Stat. § 56.29.**

Before reaching the merits, the Complaint fails at the threshold. Proceedings supplementary under Florida law are not self-executing; they require strict compliance with statutory prerequisites that Plaintiffs have not met as to Saab. Fla. Stat. § 56.29 requires the filing of an affidavit and the issuance of a valid Notice to Appear describing the property at issue with "reasonable particularity." *Longo v. Associated Limousine Servs.*, 236 So. 3d 1115, 1117 (Fla. 4th DCA 2018) (reversing order impleading third parties where the affidavit and motion "fail[ed] to describe the property with reasonable particularity"). Plaintiffs' affidavit [ECF No. 60-1] describes no property whatsoever as to Saab. These statutory prerequisites are conditions precedent to impleader, and failure to comply provides an independent

basis for dismissal. *See Sullivan v. Musella*, 564 So. 2d 150, 151 (Fla. 2d DCA 1990) (§ 56.29 prerequisites are conditions precedent, waivable if not timely raised).

**III. Complaint Fails to State a Claim (Rule 12(b)(6)).**

To survive a motion to dismiss, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A pleading that offers only "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" does not suffice. *Id.* As to Saab, the Complaint rests on nothing more than speculation and conclusory labels, failing to identify a single concrete fact establishing that Saab received, holds, or controls any asset of any judgment debtor. It fails to state any basis for relief that rises above the speculative level.

***A. The FUFTA Claims (Counts I and II) Are Not Pleaded with the Required Particularity and Identify No "Transfer" as to Saab.***

Count I alleges actual fraudulent transfer under Fla. Stat. § 726.105(1)(a), a claim that sounds in fraud and must satisfy the heightened pleading standard of Federal Rule of Civil Procedure 9(b). *See Perlman v. Wells Fargo Bank, N.A.*, 559 F. App'x 988, 992 (11th Cir. 2014); *Omnipol, A.S. v. Multinational Def. Servs., LLC*, 32 F.4th 1298, 1307 (11th Cir. 2022) (applying the "who, what, when, where, and how" standard to fraud-based claims). Rule 9(b) requires a plaintiff to allege the specific "who, what, when, where, and how" of the fraud. *Garfield v. NDC Health Corp.*, 466 F.3d 1255, 1262 (11th Cir. 2006).

As to Saab, the Complaint alleges only that he "holds or controls" unspecified assets of the judgment debtors and acted as Maduro's "agent, frontman, and confidant." (Compl. ¶ 5.) It identifies no specific transfer from any judgment debtor

to Saab, no date of any such transfer, no amount, and no particular asset. The allegations regarding Saab at paragraphs 31-33 are expressly "upon information and belief." This is precisely the kind of conclusory pleading that fails under Rule 9(b). *See Feldkamp v. Long Bay Partners, LLC*, 773 F. Supp. 2d 1273, 1287 (M.D. Fla. 2011) (dismissing FUFTA claim where plaintiffs "failed to identify a specific transfer they seek to set aside").

Critically, the Complaint does not plead any "transfer" as FUFTA defines that term. Under Fla. Stat. § 726.102(12), a "transfer" requires an actual disposition or parting with an asset. An allegation that a third party merely "holds or controls" property, without identifying a conveyance, is not a transfer. *See Nationsbank, N.A. v. Coastal Utils., Inc.*, 814 So. 2d 1227, 1230 (Fla. 4th DCA 2002) (elements require an actual conveyance). This deficiency is fatal to both Count I (actual fraud) and Count II (constructive fraud under §§ 726.105(1)(b) and 726.106), because neither count identifies any "transfer" as defined by the statute.

Count II suffers from an additional independent defect: the Complaint pleads no facts regarding the judgment debtors' insolvency or the inadequacy of consideration received. Constructive fraudulent transfer under § 726.105(1)(b) requires proof that the debtor "was engaged or was about to engage in a business or a transaction for which the remaining assets of the debtor were unreasonably small in relation to the business or transaction," and § 726.106 requires proof that the debtor "was insolvent at that time or . . . became insolvent as a result of the transfer." *See In re Teltronics, Inc.*, 904 F.3d 1303, 1310 (11th Cir. 2018) (setting forth the elements of constructive fraud under FUFTA). The Complaint alleges none of these facts as to any judgment debtor.

### ***B. Count III (Constructive Trust, Equitable Lien, Disgorgement) Alleges Remedies, Not Causes of Action, and Identifies No Traceable Res.***

Under Florida law, "constructive trust is not a cause of action, but an equitable remedy based upon an established cause of action." *Absolute Activist Value Master Fund Ltd. v. Devine*, 233 F. Supp. 3d 1297, 1329 (M.D. Fla. 2017) (citing *Collinson v. Miller*, 903 So. 2d 221, 228 (Fla. 2d DCA 2005). Florida appellate courts have been equally clear: a standalone constructive-trust count is properly dismissed with prejudice. *B & C Investors, Inc. v. Vojak*, 79 So. 3d 42, 46 (Fla. 2d DCA 2011). Likewise, an equitable lien requires a "special right to a particular property" and the absence of an adequate legal remedy; where those prerequisites are not met, the claim fails. *Garcia v. Santa Maria Resort, Inc.*, 528 F. Supp. 2d 1283, 1297 (S.D. Fla. 2007) (citing *Maurer v. Maurer*, 267 B.R. 639, 652 (M.D. Fla. 2001)).

Count III also fails for a more fundamental reason: there is no identifiable *res*. A constructive trust requires tracing to a specific, identifiable fund or property. *Duty Free World, Inc. v. Miami Perfume Junction, Inc.*, 253 So. 3d 689, 695 (Fla. 3d DCA 2018) (disgorgement is a remedy; tracing to specific *res* required); *Gersh v. Cofman*, 769 So. 2d 407, 409 (Fla. 4th DCA 2000) (no identifiable trust *res*, claim fails). The Complaint identifies no specific property, account, or fund held by Saab that is traceable to any judgment debtor. Count III therefore fails to state an independent claim.

### ***C. Count IV (Turnover) Identifies No Specific Property.***

Count IV seeks turnover under Fla. Stat. § 56.29(6) and (9), but it identifies no specific property subject to turnover. Section 56.29(6) authorizes the court to order a third party to apply non-exempt property "toward the satisfaction of the judgment," presupposing that specific property has been identified. The Complaint

demands that Saab surrender "any and all real and personal property, virtual currency" (Prayer ¶ E), yet it never identifies what that property is, where it is located, or how it is traceable to any judgment debtor. A turnover proceeding is not a vehicle for open-ended discovery into a third party's assets; it requires a specific *res*. Moreover, as discussed below in Argument V, turnover of out-of-state assets requires *in personam* jurisdiction over the respondent, *Shim v. Buechel*, 339 So. 3d 315, 317 (Fla. 2022), which Plaintiffs have not established. Count IV fails to state a claim.

### *D. Count V (Injunctive Relief) Is a Remedy, Not a Cause of Action.*

An injunction is a remedy, not an independent cause of action. "There is no such thing as a suit for a traditional injunction in the abstract." *Klay v. United Healthgroup, Inc.*, 376 F.3d 1092, 1097 (11th Cir. 2004). An injunction "must be based upon" an underlying cause of action. *Alabama v. U.S. Army Corps of Eng'rs*, 424 F.3d 1117, 1128 (11th Cir. 2005). Count V seeks only injunctive relief, including asset freezes and restraining orders, without identifying an independent legal basis for such relief beyond the same deficient FUFTA claims. It should be dismissed.

## IV. Complaint Is an Impermissible Shotgun Pleading.

The Eleventh Circuit has identified four categories of "shotgun pleadings" that fail to comply with Rules 8(a)(2) and 10(b). *Weiland v. Palm Beach Cnty. Sheriff's Office*, 792 F.3d 1313, 1321-23 (11th Cir. 2015). The Complaint falls squarely within *Weiland*'s fourth category: it asserts claims against multiple defendants without specifying which defendant engaged in which allegedly wrongful conduct. *See Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1295 (11th Cir.

2018) (dismissal where the complaint made it "impossible to understand who did what"); *Jackson v. Bank of Am., N.A.*, 898 F.3d 1348, 1357 (11th Cir. 2018) (dismissal with prejudice of multi-defendant shotgun pleading); *Barmapov v. Amuial*, 986 F.3d 1321, 1325-26 (11th Cir. 2021) (affirming dismissal where defendants "lumped" together).

The Complaint names Saab alongside Cilia Adela Flores de Maduro (wife of judgment debtor Maduro) and her family members, yet the factual allegations about each defendant are entirely different. The Complaint devotes detailed paragraphs to Flores and her family members' acquisition of specific Miami-area real properties (¶¶ 25-30), complete with property addresses, bank-account numbers, and transaction dates. By contrast, the allegations against Saab are generic assertions of agency and asset-holding (¶¶ 5, 31-33), devoid of any specificity. Yet every count is pleaded against "Defendants and Impleaded Defendants" collectively. By failing to differentiate among the defendants count-by-count, the Complaint forces Saab to guess which allegations apply to him. This is precisely the type of impermissible shotgun pleading that the Eleventh Circuit has "condemned . . . repeatedly." *Weiland*, 792 F.3d at 1321.

**V. There is No Personal Jurisdiction Over Saab (Rule 12(b)(2)).**

A plaintiff seeking to establish personal jurisdiction over a nonresident defendant must satisfy a two-part test: (1) sufficient contacts under the forum state's long-arm statute, and (2) compliance with the Due Process Clause. *Venetian Salami Co. v. Parthenais*, 554 So. 2d 499, 502 (Fla. 1989); *Robinson v. Giarmarco & Bill, P.C.*, 74 F.3d 253, 256 (11th Cir. 1996); *Sculptchair, Inc. v. Century Arts, Ltd.*, 94 F.3d 623, 626-27 (11th Cir. 1996). The Complaint fails both prongs.

Saab is a foreign national with no alleged domicile, residence, or place of business in Florida. The Complaint's sole basis for personal jurisdiction rests on the conclusory allegation that Saab "used Florida-based entities and financial mechanisms" (¶ 3), without identifying a Florida entity, bank account, transaction, or real property linked to Saab. Conclusory allegations that a defendant used "Florida-based financial channels" are insufficient to satisfy either Florida's long-arm statute, § 48.193, or due process. *See Oriental Imports & Exports, Inc. v. Maduro & Curiel's Bank, N.V.*, 701 F.2d 889, 893 (11th Cir. 1983) (passive financial contacts insufficient); *Sun Bank, N.A. v. E.F. Hutton & Co.*, 926 F.2d 1030, 1033 (11th Cir. 1991) (fortuitous contacts do not establish jurisdiction).

Moreover, Saab's physical presence in this District is publicly known to be involuntary. He is held in federal pretrial detention after being brought to this jurisdiction by the United States government. Involuntarily procured presence is not purposeful availment, and does not supply the minimum contacts required by due process. *See Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985) (the purposeful availment requirement "ensures that a defendant will not be haled into a jurisdiction solely as a result of 'random,' 'fortuitous,' or 'attenuated' contacts . . . or of the 'unilateral activity of another party or a third person'"); *Estate of Ungar v. Palestinian Auth.*, 396 F. Supp. 2d 376, 380–81 (S.D.N.Y. 2005) (collecting cases addressing immunity from service of civil process for persons in federal custody). A personal jurisdiction premise for Saab cannot rely on his custodial presence.

This jurisdictional defect is independently fatal to Count IV. Even assuming the Complaint identified specific property subject to turnover (it does not, as discussed in Argument III.C), § 56.29(6) permits turnover of out-of-state assets only

where the court has *in personam* jurisdiction over the respondent. *Shim v. Buechel*, 339 So. 3d 315, 317 (Fla. 2022). Without personal jurisdiction over Saab, any turnover relief is limited to Florida-situs property, and none is alleged. *See Beta Real Corp. v. Graham*, 839 So. 2d 890, 893 (Fla. 3d DCA 2003) (absent personal jurisdiction, relief limited to property within Florida).

**VI. Additional Grounds for Dismissal.**

***A. Service of Process Was Deficient (Rules 12(b)(4) and 12(b)(5)).***

Service of process on Saab was deficient in both form and manner. The Court's docket reflects that Plaintiffs initially sought service of the supplemental complaint filed as ECF No. 62, which was subsequently stricken. [ECF Nos. 65, 84.] Plaintiffs then filed the operative Third-Party Complaint as ECF No. 66, but the record does not establish that the summons served on Saab attached the operative complaint rather than the superseded, stricken pleading. Service of a non-operative pleading does not satisfy Rule 4(c)(1)'s requirement that a copy of "the complaint" accompany the summons. Moreover, the summons issued to Saab as an impleaded third-party defendant must comply with Rule 14's requirements for impleader service, including the proper AO 441 form. Any deficiency in service deprives this Court of personal jurisdiction over Saab.

***B. The FUFTA Claims Are Time-Barred Under § 726.110.***

FUFTA claims are subject to the limitations and repose provisions of Fla. Stat. § 726.110, which extinguishes a cause of action under § 726.105(1)(a) four years after the transfer or one year after the transfer was or reasonably could have been discovered. Florida courts have treated § 726.110 as a statute of repose that extinguishes the claim altogether. *Nat'l Auto Serv. Ctrs., Inc. v. F/R 550, LLC*, 192

So. 3d 498, 501 (Fla. 2d DCA 2016); *Saadi v. Maroun*, 157 F.4th 1353 (11th Cir. 2025) (certifying to the Florida Supreme Court whether FUFTA limitation periods under § 726.110 are subject to tolling under § 95.051). The Complaint does not plead any specific transfer date, instead alleging conduct "since at least 2019." To the extent any alleged transfers occurred more than four years before the filing of the Third-Party Complaint in April 2026, those claims are extinguished as a matter of law. The Complaint's failure to plead transfer dates also compounds the Rule 9(b) deficiency addressed above.

### *C. FUFTA Does Not Reach Extraterritorial Transfers by Foreign National.*

The Complaint does not allege that any transfer to or by Saab occurred in Florida or involved Florida-situs property. FUFTA, as a Florida statute, does not have extraterritorial reach to transfers and assets located outside Florida and outside the United States, held by a foreign national. *See Beta Real Corp. v. Graham*, 839 So. 2d 890, 893 (Fla. 3d DCA 2003) (absent personal jurisdiction, relief limited to Florida-situs property). To the extent the Complaint seeks to apply Florida's fraudulent transfer statute to transactions occurring entirely in Venezuela, Colombia, or other foreign jurisdictions, it exceeds the statute's territorial scope.

### *D. Any Alleged Assets Are Subject to Superior Claims of the United States.*

Without admitting that Saab holds, controls, or has any interest in any asset described in the Complaint, and in the alternative only, the assets described in the Complaint are alleged to be proceeds of conduct charged in the pending criminal proceeding, *United States v. Saab Moran*, No. 26-cr-20020-WILLIAMS/LETT (S.D. Fla.). Under the relation-back doctrine, title to forfeitable property vests in the

United States at the time of the criminal act giving rise to forfeiture. 21 U.S.C. § 853(c); *United States v. Kennedy*, 201 F.3d 1324, 1335 (11th Cir. 2000). *See also* 21 U.S.C. § 853(k) (barring third-party civil actions concerning property subject to criminal forfeiture); *Roberts v. United States*, 141 F.3d 1468, 1469-70 (11th Cir. 1998). Property subject to criminal forfeiture is not an "asset" within the meaning of Fla. Stat. § 726.102(2)(a), which excludes property "to the extent it is encumbered by a valid lien." Plaintiffs' civil claims to any such property are subordinate to the government's forfeiture interest.

These deficiencies are not merely technical. The Complaint's fundamental problem is the absence of any factual predicate: there is no transfer from any judgment debtor to Saab to allege, no Saab-held property to identify, and no jurisdictional basis to convert a foreign-national third party into a judgment debtor. Leave to amend would be futile because Plaintiffs cannot plead what does not exist. *See Cockrell v. Sparks*, 510 F.3d 1307, 1310 (11th Cir. 2007) (leave to amend properly denied where amendment would be futile).

## **CONCLUSION**

For the foregoing reasons, Impleaded Third-Party Defendant Alex Nain Saab Moran respectfully requests that this Court dismiss the Third-Party Complaint [ECF No. 66] as to Saab with prejudice for failure to state a claim under Rules 12(b)(6) and 9(b), and without prejudice to the extent the Court rests dismissal on jurisdictional or service-of-process grounds. In the alternative, Saab requests that the Court order Plaintiffs to replead their claims with the specificity required by the Federal Rules of Civil Procedure.

Respectfully submitted,

KLUGH WILSON LLC

By: /s/ Richard C. Klugh
Richard C. Klugh, Esq.
Florida Bar No. 305294
40 N.W. 3rd Street, PH1
Miami, Florida 33128
Telephone: (305) 529-0990
*Counsel for Impleaded Third-Party Defendant Alex Nain Saab Moran*